THE STATE OF KANSAS, *on the relation of John T. Little, Attorney General*, v. W. F. FAGAN, *as Auditor of Shawnee County, et al.*

EX-UNION SOLDIER—*Burial—Charge on County.* Where an honorably-discharged ex-union soldier, sailor, or marine, who served in the army or navy of the United States during the late war, dies without leaving sufficient means to defray funeral expenses, it is the duty of the county commissioners of the county where he resided to cause his body to be decently interred; and if there are surviving relatives who desire to conduct the burial and who are unable or unwilling to pay the charges therefor, they must be permitted to do so free from the interference of the officer or agent of the county, but the expenses so incurred and for which the county will be liable cannot exceed the sum of $50.

*Original Proceeding in Mandamus.*

PETITION by *The State,* on the relation of John T. Little, to compel *W. F. Fagan*, county auditor, and the county board of Shawnee county, to allow a certain account. The facts are stated in the opinion herein, filed April 30, 1895.

*F. B. Dawes,* attorney general, *P. H. Coney,* and *Waters & Waters,* for plaintiff.

*W. F. Fagan,* defendant in error, for himself.

The opinion of the court was delivered by

JOHNSTON, J. : This is a proceeding to compel the county auditor and the county commissioners of the county of Shawnee to audit, allow and pay an account of $50, alleged to have been expended in the burial of Carl H. Peterson, who died on July 23, 1894, at Topeka, in the county of Shawnee. He was an honorably-discharged ex-union soldier, who left surviving him a widow and three children. He resided with his family in Shawnee county until his death,

and died without leaving sufficient means to defray his funeral expenses. Upon his death his surviving relatives, consisting of his widow and children, desired to conduct the funeral, and did so by engaging one M. Hogan to take charge and furnish those things necessary for the interment of the body, which Hogan fully performed at an expense of $53.

It is conceded that the widow and children are wholly unable to pay the charges therefor, or any part of the same. Hogan presented his duly-verified account to the extent of $50 to the county auditor, who disallowed the claim because it was not contracted by the township trustee or other person who had authority to bind the county; and it is stated that a further reason was that the county commissioners had let the contract for the burial of deceased soldiers to the lowest bidder, whose duty it was to furnish what was deemed necessary, and to conduct the funeral at a cost much below $50, the amount of the claim presented. The parties to this proceeding have waived all other questions, and submit for the decision of the court the interpretation of the statute with respect to whether such a claim can be audited and paid, unless it has been contracted by some one designated by the county commissioners. The statutory provision under which the question must be determined, reads:

"It shall be the duty of the county commissioners in each of the counties of this state to designate the township trustee, or, for good reason, some person other than the township trustee, in each township, whose duty it shall be to cause to be decently interred the body of any honorably-discharged ex-union soldier, sailor, or marine, who served in the army of the United States during the late war, and who may hereafter die without leaving sufficient means to defray funeral expenses. Such burial shall not be made in any

cemetery or burial ground, or that portion of any burial ground used exclusively for the burial of the pauper dead : *Provided*, The expenses of such burial shall not exceed the sum of $50 : *And provided further*, That in case surviving relatives of the deceased shall desire to conduct the funeral, and are unwilling or unable to pay the charges therefor, they shall be permitted so to do, and the expenses shall be paid as herein provided." (Gen. Stat. of 1889, ¶ 5916.)

The contention is that, as the duty of burial is imposed upon the person designated by the county commissioners, such person must first determine that the deceased is an ex-union soldier, sailor, or marine ; that he was honorably discharged, and that he died without leaving sufficient means to defray funeral expenses ; and that no claim can arise against the county for such a burial until these questions have been determined and a contract for the services has been made by him. This contention is practically admitted to be correct, where there are no surviving relatives of the deceased who desire to conduct the funeral ; but they insist that, where there are such surviving relatives, they may take entire charge of the burial, free from the control or interference of any public officer. It is plain that the legislative purpose was that one who had borne an honorable part in the defense of our country and its institutions during the late war, and who died without sufficient means to defray funeral expenses, should receive a respectable burial. The language employed clearly evinces the intention that such persons should not be buried at the lowest possible contract rate that the county might be able to obtain, nor that their remains should be treated or interred like those of paupers. It is provided that the burial shall not be made in any cemetery, or that portion of

the same, used exclusively for the burial of the pauper dead. If there are no surviving relatives who desire to conduct the funeral, then the person designated by the county commissioners would be invested with discretion to determine the kind of casket that would be used, the means of conveyance to the cemetery, and what should be supplied for the purposes of burial, provided that the expenses of the same should be kept within the sum of $50. On the other hand, if the surviving relatives desire to conduct the burial and are unable or unwilling to pay the charges therefor, the statute specifically provides that they shall be allowed to do so, and the reasonable expenses of the same up to the sum of $50 must be paid by the county. In such a case the relatives will order the means and facilities for a decent interment, and control the same free from the superintending control of the agent of the county, but the charges therefor can never in any case exceed the sum of $50 ; and all concede that the maximum allowance is exceedingly moderate. When the burial is controlled and conducted by the relatives, the bill of expenses for the same must be presented to the county commissioners, who can then determine whether the deceased was an honorably-discharged ex-union soldier, sailor, or marine in the late war, and also whether he left sufficient means to defray funeral expenses. These questions having been determined in the affirmative, the account for expenses is to be audited and paid, the same as other accounts against the county are audited and paid. A peremptory writ of *mandamus* will therefore be allowed requiring the defendants to audit and pay the claim for the burial of the remains of Carl H. Peterson, in accordance with the prayer of plaintiff's petition.

All the Justices concurring.